<hr/>

[Crim. No. 3347. Second Appellate District, Division Two.—September 17, 1940.]

THE PEOPLE, Respondent, v. PETER FORTHUN, Appellant.

William W. Larsen for Appellant.

Earl Warren, Attorney-General, and Lewis Drucker, Deputy Attorney-General, for Respondent.

McCOMB, J.—From judgments of conviction of (1) violating section 480 of the Vehicle Code (failing after a vehicular accident to stop and comply with the requirements of section 482[a] of the Vehicle Code) and (2) violating section 500 of the Vehicle Code (negligent homicide), defendant appeals.

Viewing the evidence most favorable to the People (respondent), the essential facts are:

At about 1:38 A. M. of December 31, 1939, a white Ford panel truck, driven by defendant and traveling at a speed of approximately 50 miles an hour, struck and killed Jack Kennedy a streetcar conductor 'while he was standing beside his streetcar at the intersection of Avenue 19 and Avenue 20 on North Broadway, Los Angeles. The driver of the truck continued on his course and did not stop at the scene of the accident.

Defendant relies for reversal of the judgments on these propositions:

*First: There is no substantial evidence to sustain a finding of the above-stated facts upon which the judgments were necessarily predicated, and particularly the fact that defendant was the driver of the truck that struck decedent.*

*Second: The trial court committed prejudicial error in* (a) *instructing the jury as follows:*

"It is not necessary that there be proof of both a driving of a vehicle in a negligent manner and the doing of another unlawful act not amounting to a felony.

"If you are satisfied to a moral certainty and beyond a reasonable doubt that the defendant was driving the vehicle in question in a negligent manner and while so driving caused the injury which proximately resulted in the death of Jack Kennedy then you should find the defendant guilty as charged.

"Or, if you are satisfied to a moral certainty and beyond a reasonable doubt that at the time the injuries proximately resulting in the death of Jack Kennedy were inflicted, the defendant was driving the vehicle in question and while so driving committed an unlawful act not amounting to a felony, which act was the proximate cause of the death of Jack Kennedy, then you should find the defendant guilty as charged."

and (b) *in refusing to instruct the jury at defendant's request thus:*

"In a case where circumstantial evidence is relied upon by the people for conviction the circumstances must be consistent with the guilt of the defendant and inconsistent with any other rational hypothesis. If the circumstances in evidence point to the defendant as being guilty, and also point with equal force to some other person not connected with the defendant, or to some unidentified person or agency as the cause of the death of the deceased, and if it is equally probable under the evidence that either the defendant, the third person, or such unidentified person or agency killed the deceased, then your verdict must be 'not guilty'."

■ Defendant's first proposition is untenable. An examination of the record discloses substantial evidence taken with the reasonable inferences which the trial jury may have drawn therefrom to sustain the findings of fact set forth above and each and every material fact upon which the judgments of guilty were necessarily predicated. For example,

defendant was employed by "The White House Laundry" and as such employee operated a white Ford panel truck. He voluntarily admitted that on December 31, 1939, from 8 P. M. until a few minutes after 11 P. M. he was at the Arena Cafe on South Fair Oaks Avenue, Pasadena, and that he had four or five whiskey highballs during that period; that he thereafter drove the laundry's white Ford panel truck to his home and retired; that the next morning, Sunday, he found his truck had a smashed fender and dented hood, whereupon he took it to a garage to have it repaired and stated to the garage man that he had hit a cow. Fragments of headlight glass and screen from an automobile horn found at the scene of the accident, upon spectographic analysis, were determined to be identical with particles of headlight glass and screen of the horn on the truck driven by defendant which were removed by the garage man when he repaired the truck. Also, fragments of white paint found at the scene of the accident were identical with the paint on the truck driven by defendant.

This evidence, together with the testimony of a watchman who saw defendant at the Arena Cafe at about 1 A. M. of December 31, 1939, and noticed a White House Laundry truck parked near the cafe at the same time, coupled with the testimony that a white Ford panel truck traveling at a high speed struck the decedent and the reasonable inferences which the jury may have drawn therefrom, was substantial evidence that defendant was the driver of the fatal truck.

█ The instruction set forth in paragraph (a) of defendant's second proposition is an accurate statement of the principles of law contained therein, and does not assume that defendant was the driver of the truck which struck decedent. It clearly leaves to the jury the determination of the question whether or not defendant was driving the vehicle at the time of the accident.

█ The instruction set forth in paragraph (b) of defendant's second proposition was properly refused, since the principles of law therein announced were fully covered by an instruction which the trial judge gave to the jury reading thus:

"In order to convict the defendant upon the evidence of circumstances it is necessary not only that all the established facts and circumstances concur to show beyond a reasonable

doubt that a crime was committed as alleged in the information, but that the defendant was the one who committed such crime and that they are inconsistent with any other rational conclusion. It is not sufficient that the circumstances prove, coincide with, account for, and therefore render probable the theory sought to be established by the prosecution, but they must exclude to a moral certainty every other theory but the single one of guilt, or the jury must find the defendant not guilty.''

For the foregoing reasons the judgments are and each is affirmed.

Moore, P. J., and Wood, J., concurred.